NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOUSAND OAKS HEART CENTER, INC., a California corporation,<br><br>           Plaintiff,<br><br>  vs.<br><br>AETNA LIFE INSURANCE COMPANY, a California Corporation, and DOES 1 through 50, inclusive,<br><br>           Defendants. | **CASE NO.:** 2:14-cv-01673-RGK-MRW<br><br>**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**<br><br>Judge: Hon. R. Gary Klausner<br>Magistrate: Michael R. Wilner |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Thousand Oaks Heart Center, Inc. ("Plaintiff") and Defendant Aetna Life Insurance Company ("Defendant") (Plaintiff and Defendant may individually be referred to as a "Party," or may collectively be referred to as "Parties"), by and through their respective attorneys of record, as follows:

## RECITALS

A.    Plaintiff commenced this action;

B.    The discovery phase of this action may involve the disclosure of information and documents which Aetna believes to be protected as personal information of third parties, protected health information of third parties, trade

1  secrets, and/or other confidential and proprietary business, technical, and financial
2  information; and
3       C.   The Parties stipulate under Rule 26(c) of the Federal Rules of Civil
4  Procedure, and applicable decisional law to the issuance of a protective order
5  regarding the treatment of trade secrets, proprietary and confidential information.

## STIPULATION

6  
7       1.   <u>Proceedings and Information Governed</u>.  This Stipulation, and Court's
8  Order thereon, will govern any document, information, or other thing furnished or
9  produced by any Party to this action, which may be produced in this action and
10 designated by the producing Party as "Confidential" information or material as
11 defined below.  The Stipulation, and the Court's Order thereon shall include and
12 apply to Plaintiff and Defendant.  The information protected includes, but is not
13 limited to, information produced in connection with Federal Rule of Civil
14 Procedure 26, information contained in responses to demands for identification and
15 production of documents or other things; responses to interrogatories; deposition
16 testimony and exhibits, including any documents or other information or materials
17 that may be produced prior, or subsequent, to any depositions; protected health
18 information, as defined by the Health Insurance Portability and Accountability Act
19 of 1996 ("HIPAA") section 160.103; explanations of benefits; and all copies,
20 extracts, summaries, compilations, designations, and portions of the foregoing.
21      2.   <u>"Confidential" Information or Material Defined</u>.  For purposes of this
22 Stipulation, and Court's Order thereon, "Confidential" information or material will
23 mean all information or material that:
24      (a)  Is produced for or disclosed to a receiving Party (Plaintiff or
25 Defendant); and
26      (b)  A Party (Plaintiff or Defendant) reasonably and in good faith
27 believes to constitute or contain trade secrets or otherwise constitutes business
28 proprietary and/or confidential material, or other confidential research,

-2-

1 development, or commercial information, whether embodied in physical objects, 2 documents, or other factual knowledge of persons, and specifically shall include 3 but not necessarily be limited to, financial data, personal information of third 4 parties, protected health information of third parties, consumer surveys, marketing 5 studies, databases of business contacts, databases of business document templates, 6 policies, procedures, rules and regulations, bulletins, memoranda, training 7 materials, and any and all writings reflecting same; and

8     (c) Has been designated as "Confidential" information or material 9 by a producing Party in compliance with Paragraph 3 of this Stipulation, and 10 Court's Order thereon, and in advance of its production.

11     3. <u>Designation of "Confidential" Information or Material</u>. Any Party 12 may designate "Confidential" information or material by stamping or affixing to 13 the physical objects, documents, discovery responses, or deposition transcripts a 14 stamp or other inscription that states: "Confidential."

15 For written material, documents, or other tangible items, the designation of 16 any particular page of written material shall mean that all information contained on 17 that page is designated "Confidential" unless otherwise indicated. To the extent 18 possible, such designation shall be made so as not to interfere with the content of 19 any such written material.

20 For information not reduced to written material, document, or other tangible 21 item, or information that can not be conveniently designated as set forth in this 22 paragraph, any Party may designate the confidential information by giving written 23 notice to the receiving Party at the time the confidential information is produced. 24 The written notice must clearly identify that part of the information being produced 25 that is designated as "Confidential."

26     4. <u>Party's Own Information</u>. The restrictions on the use of 27 "Confidential" information or material established by this Stipulation, and Court's 28 Order thereon, apply only to the use by a Party of "Confidential" information or

1  material received from another Party to this action, or from a non-Party to this
2  action, and shall not apply to the use by a Party of its own information.

3      5.    <u>Persons Authorized to Receive Confidential Information and Material</u>.

4  For purposes of this Stipulation, and Court's Order thereon, the term
5  "qualified recipient" of information and material that has been designated pursuant
6  to the terms of this Stipulation, and Court's Order thereon, shall mean:

7      (a)    The Parties to this action, including officers, directors, and
8  other employees of the Party to whom disclosure of confidential information is
9  deemed necessary by that Party for purposes of this action only;

10      (b)    The attorneys of record in this action, attorneys employed in-
11  house by or on behalf of the Parties, any attorneys retained by the Parties in this
12  action to consult on the litigation, their respective partners, associates, clerks, legal
13  assistants, secretaries, and stenographic and support personnel, and such other
14  persons retained by such attorneys to provide litigation support services in this
15  action;

16      (c)    Any persons to whom the Court in this action orders that
17  disclosures may be made.

18      (d)    Any other person with prior written consent of the designating
19  Party.

20  Each person to whom disclosure of confidential information is made agrees
21  to be subject to the jurisdiction of this Court solely for purposes of proceedings
22  relating to that person's performance under, compliance with, or violation of any
23  Order entered by this Court in connection with this Stipulation, and Court's Order
24  thereon.

25      6.    <u>Challenges to and Removal of "Confidential" Designation</u>.  Nothing
26  in this Stipulation, and Court's Order thereon, shall preclude any Party from
27  challenging a designation of any information or material as "Confidential" by any
28  Party.  If designated by a Party as "Confidential," information and material will be

so treated for all purposes, and shall continue to be treated as "Confidential" unless and until the Court rules to the contrary.

Any Party may challenge or object to the designation as "Confidential" of any information and material and/or seek removal of particular items of "Confidential" information or material by giving counsel for all other Parties written notice of its intent to seek removal within thirty days (30) of receipt of the information or material, which notice shall specify the items of "Confidential" information and material for which removal is sought.  The written notice shall have attached a copy of such designated material or shall identify each subject document by production number or deposition page and shall state that the receiving Party objects to the designation.  Counsel for the objecting Party shall then initiate a conference in good faith in an effort to resolve any dispute concerning such designation.  Counsel for the designating Party shall have fourteen (14) days from the date of service of the objection to provide any reasons for justifying the designation.

If the objection cannot be resolved by agreement within twenty-one (21) days of the date of service of the objection, the Party objecting to the "Confidential" designation, may make a motion to the Court <u>using the joint filing format contained in Local Rule 37 (applicable to all discovery motions) to challenge such a confidentiality designation</u>.  No Party to the action shall be deemed by treating information and/or material as "Confidential" to have conceded that the information actually is "Confidential," however, the Party claiming classification of any information designated as "Confidential," shall have the burdens of proof and persuasion on said issue.

For purposes of this Stipulation, and Court's Order thereon, "receipt" of an objection made pursuant to this paragraph shall mean on completion of transmission, if service is made by facsimile, on delivery, if service is made personally, two days after mailing, if service is made by express mail or other

1  means of overnight delivery, and three days after the date of mailing, if service is
2  made by regular mail.

3      7.    <u>Use of "Confidential" Information or Material</u>.  Any information or
4  material designated as "Confidential" will be handled by the receiving Party in
5  accordance with the terms of this Stipulation, and Court's Order thereon.
6  Information and material designated as "Confidential" will be held in confidence
7  by the receiving Party, will be used by each receiving Party for purposes of this
8  action and trial only and not for any business, competitive or other purpose unless
9  agreed to in writing in advance by all Parties to this action or as authorized by
10 further Order of the Court, and will not be disclosed to, or the substance discussed
11 with, any person who is not a qualified recipient.

12     8.    <u>Copies of "Confidential" Information or Material</u>.  Nothing in this
13 Stipulation, or Court's Order thereon, shall prevent or otherwise restrict a qualified
14 recipient from making working copies, abstracts, summaries, digests and analyses
15 of "Confidential" information or material for use in connection with this action.
16 All working copies, abstracts, summaries, digests and analyses will also be
17 considered "Confidential" under the terms of a Court's Order approving this
18 Stipulation.

19     9.    <u>Transmission of "Confidential" Information or Material</u>.  Nothing in
20 this Stipulation, and Court's Order thereon, shall prevent or otherwise restrict the
21 transmission or communication of "Confidential" information or material between
22 or among qualified recipients of such material.

23     10.    <u>Sealing of Documents</u>.  Any Party seeking to file with the court
24 pleadings, motions, or other documents that contain or annex "Confidential"
25 information or material is required to file a motion or application with the court to
26 seal such records and to take whatever other and further steps are necessary and
27 required by the Court to comply with the requirements of this paragraph and to file
28

such pleadings, motions, or other documents under seal and in accordance with Local Rules – Central District Court of California 79-5.1 as summarized below:

> Except when authorized…no case or document shall be filed under seal… without prior approval by the Court. When approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal…The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.

Per Judge R. Gary Klausner's Standing Order Regarding Newly Assigned Cases, "All applications must provide reason(s) as to why the Parties' interest to file the document(s) under seal outweighs the public's right to access. All applications must also indicate which portions of the documents to be filed under seal are confidential. If a Party submits an application to file under seal pursuant to a protective order only, the application will be denied unless the Court receives within 48 hours from the notice of filing a document providing (1) the reasons the document should be filed under seal; and (2) the portions within the document that are confidential. This document shall be entitled: 'ADDENDUM TO APPLICATION TO FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER'." This Stipulation, and Court's Order thereon, is not intended to govern any trial in this action and any question concerning the admissibility or use of confidential information at trial shall be addressed by further Court Order.

11. <u>Court Proceedings</u>. Pleadings, motions, or other documents to be filed with the Court in this action that contain or annex "Confidential" information must be filed under seal and in accordance with Paragraph 10 to this Stipulation, and Court's Order thereon. Any court hearing or other proceeding that refers to or describes "Confidential" information will be held in camera in the Court's discretion.

1    12.    <u>Testimony</u>.  Notwithstanding any provision of this Stipulation, and 2 Court's Order thereon, to the contrary, any person may be examined as a witness at 3 deposition and may testify concerning all "Confidential" information of which the 4 person is the author, addressee or has knowledge.  If the examination concerns 5 "Confidential" information or material, the producing Party will have the right to 6 exclude from that portion of the deposition concerning the "Confidential" 7 information or material any person other than the witness, the witness's 8 attorney(s), and qualified recipients of the "Confidential" information or material.

9    If the witness and/or his or her attorney is not a qualified recipient, then 10 before the examination commences, the witness and his or her attorney each will 11 be requested to provide written confirmation that he or she will comply with the 12 terms of this Stipulation, and Court's Order thereon, and maintain the 13 confidentiality of the "Confidential" information or material disclosed during the 14 course of the interview or examination.  If the witness and/or his or her attorney 15 declines to provide written confirmation agreeing to the terms of the Stipulation, 16 and Court's Order thereon, the producing Party has the right to adjourn the 17 examination to promptly seek a further protective order from the Court prohibiting 18 the witness and/or his or her attorney from disclosing the "Confidential" 19 information or material.

20   Any court reporter who takes down testimony in this action, through 21 interview, examination, deposition or otherwise (collectively "deposition"), will be 22 given a copy of this Stipulation, and Court's Order thereon, and will be required to 23 agree on the transcript of the deposition, that he or she will not disclose any 24 testimony and/or information revealed at the deposition, except to the attorneys of 25 record for the Parties in this action or to such other qualified recipients as the 26 attorneys of record for the Parties so designate in writing to the court reporter.

27   Unless the Parties reach a different written agreement prior to the 28 deposition's conclusion, the transcript, the original, and all copies of any

-8-

deposition transcript, and exhibits, will be initially considered as a whole to constitute "Confidential" information subject to this Stipulation, and Court's Order thereon, and will be conspicuously marked as described below. Any disputes over this designation, in whole or in part, will be resolved through the procedure and in accordance with the burden of proof designated in Paragraph 6, above, for challenges to the designation as "Confidential" information.

Once resolved, or if no challenge is made, the reporter will promptly conform the original transcript, and counsel will conform their copies of the transcript in accordance with the agreed-upon or resolved designation. The portions designated as "Confidential" will thereafter be bound in a separate booklet, conspicuously marked on the cover thereof with the words "CONFIDENTIAL - SUBJECT OF PROTECTIVE ORDER" and shall be treated as "Confidential" information or material subject to this Stipulation, and Court's Order thereon.

13. <u>Attorneys' Actions</u>. Nothing in this Stipulation, and Court's Order thereon, will bar or otherwise restrict an attorney who is a qualified recipient from:

(a) Rendering advice to his, her or its client with respect to this action; or

(b) Generally referring to or relying on his or her examination of documents that have been produced under this Stipulation, and the Court's Order thereon, and that contain "Confidential" information.

14. <u>No Waiver</u>. The taking of, or the failure to take, any action to enforce the provisions of this Stipulation, and Court's Order thereon, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Stipulation, and Court's Order thereon, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

1     (a)     Is or is not relevant, material, or otherwise discoverable;

2     (b)     Is or is not confidential or proprietary to any Party;

3     (c)     Is or is not entitled to particular protection; or

4     (d)     Embodies or does not embody trade secrets or confidential research, development, or commercial information of any Party.

In making this claim or defense, the Party must comply with the procedures described in this Stipulation, and Court's Order thereon. This Stipulation, and Court's Order thereon, is entered without prejudice to the right of any Party to apply to the Court at any time to modify the restrictions of any such Order, when convenience or necessity requires. The procedures set forth in this Stipulation, and Court's Order thereon, will not affect the rights of the Parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor will they relieve a Party of the necessity of proper response to discovery devices.

15. <u>No Probative Value</u>. This Stipulation, and Court's Order thereon, will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any "Confidential" information or material. The fact that information or material has been designated as "Confidential" will not make it admissible during the trial of this action, absent a stipulation by the Parties or a ruling by the Court as to its admissibility. The fact that any information designated "Confidential" is or may be disclosed, used, or produced in discovery or at trial in this action will not prohibit any Party from asserting all objections and privileges, that the information:

    (a)     Is or is not relevant, material, or otherwise admissible;

    (b)     Is or is not confidential or proprietary to any Party;

    (c)     Is or is not entitled to particular protection; or

    (d)     Embodies or does not embody trade secrets or confidential research, development, or commercial information of any Party.

1     Further, a Party that receives material or information in this action that is
2  designated as "Confidential" may not use that material or information in another
3  legal proceeding or for any other purpose than litigating the instant action, absent
4  written consent from the disclosing Party.

5     16.   Return of Information and Materials.  At the conclusion of this action,
6  all "Confidential" information or material and copies thereof will, within thirty
7  (30) days of written request of the Party furnishing the information or materials, be
8  delivered to the Party that furnished the "Confidential" information and material.
9  All "Confidential" information not embodied in written materials, documents, or
10 tangible items will remain subject to this Stipulation, and Court's Order thereon.
11 For purposes of this paragraph, "conclusion of this action" shall mean, as to any
12 Party, the dismissal of that Party from this action by Order of Court, whether by
13 stipulation, Request for Dismissal, or other proceeding, or final judgment as
14 against that Party after expiration of all appellate rights or the time for any such
15 appeal.

16    In the event that any deposition transcript marked "CONFIDENTIAL –
17 SUBJECT OF PROTECTIVE ORDER" contains information or materials deemed
18 confidential by more than one Party, the transcript shall be returned to the Party
19 first making request for return of same.

20    17.   Court's Jurisdiction.   The Court retains jurisdiction to make
21 amendments, modifications, deletions, and additions to the Order approving this
22 Stipulation as the Court from time to time considers appropriate.  The provisions of
23 this Stipulation, and Court's Order thereon, regarding the use or disclosure of
24 information designated as "Confidential" information or material will survive the
25 termination of this action, and the Court will retain jurisdiction with respect to this
26 Stipulation, and Court's Order thereon.

27    18.   Notices.  Any of the notice requirements in this Stipulation and the
28 Court's Order entered thereon may be waived, in whole or in part, but only a

writing signed by the attorney of record for the Party against whom such waiver is sought will be effective.

/ / /

19. <u>Amendments</u>.  The Parties may amend this Stipulation, Court's Order thereon, in writing and may seek to have the amendments entered by the Court as part of its Order.

20. <u>Interpretation</u>.  This Stipulation has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Stipulation.  Accordingly, none of the Parties hereto shall be entitled to have any provisions of the Stipulation construed against any of the other Parties hereto in accordance with any rule of law, legal decision, or doctrine, such as the doctrine of contra proferendum, that would require interpretation of any ambiguities in this Stipulation against the Party that has drafted it.  The provisions of this Stipulation shall be interpreted in a reasonable manner to effect the purposes of the Parties hereto and this Stipulation.

21. <u>Binding on all Parties/Extension to Non-Parties</u>.  This Stipulation, upon entry as an Order of the Court, shall bind the Parties represented by the undersigned counsel, the Parties' agents, officers, directors, employees, and representatives who receive notice of this Stipulation, and Court's Order thereon, and all other Parties who appear in this case during the course of this litigation.  If non-Parties produce documents and desire to have them produced under the terms of the Court's Order, the Parties agree to meet and confer and, if unable to agree, the non-Parties may seek amendment to the Order by motion.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: July 7, 2014

/s/ Judge Wilner
_____
Hon. Michael R. Wilner
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for Central District of California on _____ in the case of *Thousand Oaks Health Center, Inc. v. Aetna Life Insurance Company,* Case No. 2:14-cv-01673-RGK-MRW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

1094284/19873125v.1